UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KURT FORD, et al.,

    Plaintiffs,

    v.

CONTRA COSTA COUNTY, et al.,

    Defendants.
_____/

No. C 12-5824 PJH

**ORDER GRANTING MOTION TO DISMISS**

       Defendants' motion to dismiss plaintiffs' second amended complaint came on for hearing before this court on March 27, 2013. Plaintiffs Kurt Ford and Judy Mena ("plaintiffs") appeared through their counsel, Tiffany O'Connor. Defendants Contra Costa County, Jason Hoschouer, and Jason Haynes ("defendants") appeared through their counsel, D. Cameron Baker. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows.

       As to plaintiffs' first cause of action (for assault and battery) defendants correctly argue (and plaintiffs concede) that plaintiffs impermissibly commingle their claims, depriving the defendants of notice as to which plaintiff is asserting this claim against which defendant(s). For that reason, plaintiffs' first cause of action is DISMISSED with leave to amend.

       As to plaintiffs' second cause of action (under sections 1983 and 1988), the plaintiffs again commingle their claims. Also, plaintiffs assert violations of their rights under both the Fourth Amendment and the Fourteenth Amendment, even though the Supreme Court has

made clear that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment," and not under the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). For that reason, plaintiffs' claim under the Fourteenth Amendment is DISMISSED with prejudice. The remainder of plaintiffs' second cause of action is DISMISSED with leave to amend, so that plaintiffs may correct the commingling of their claims.

As to plaintiffs' third cause of action (negligence), plaintiffs again commingle their claims. For that reason, plaintiffs' third cause of action is DISMISSED with leave to amend.

As to plaintiffs' fourth cause of action (negligent supervision and training), plaintiffs concede that plaintiff Mena has no claim against defendant Haynes for failure to supervise or train. Thus, plaintiff Mena's claim is DISMISSED with prejudice. Plaintiff Ford's claim is DISMISSED with leave to amend, so that he may allege additional facts regarding defendant Hoschouer's alleged "propensities" to use excessive force, regarding defendant Haynes's knowledge of those alleged propensities, and regarding defendant Haynes's duty to train and supervise defendant Hoschouer.

As to plaintiffs' fifth cause of action (intentional infliction of emotional distress), plaintiffs again commingle their claims. The court further notes that the complaint alleges that plaintiffs "sought medical treatment for injuries," but does not make clear that they sought or received treatment for emotional (as opposed to physical) injuries. For that reason, plaintiffs' fifth cause of action is DISMISSED with leave to amend, so that plaintiffs can allege the specific emotional injuries suffered, and allege the specific treatment sought and/or received. Plaintiffs' amended complaint shall also correct the commingling of their claims.

As to plaintiffs' sixth cause of action (under Cal. Civ. Code § 52.1), the court finds that plaintiffs have not adequately alleged the specific rights with which defendants

allegedly interfered.  And to the extent that plaintiffs intend to assert a claim under § 52 as well, they have not alleged the class of persons listed in § 51 to which they belong.  The sixth cause of action also commingles the plaintiffs' claims.  For those reasons, plaintiffs' sixth cause of action is DISMISSED with leave to amend.

Plaintiffs shall have until **April 24, 2013** to file a third amended complaint in accordance with this order.  No new claims or parties may be added without leave of court or agreement of the parties.  Defendants shall have until **May 15, 2013** to answer or otherwise respond to the complaint.

**IT IS SO ORDERED.**

Dated:  March 27, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge